## (August 15, 1961)

■ LA VERNE F. ADAMS et al., Appellants, v. CLIFTON H. BERLINGHOF et al., Respondents.

*Per Curiam.* Plaintiffs appeal from an order of Special Term which dismissed the first four causes of action against the defendant doctors for malpractice and breach of contract. The motion to dismiss the fifth and sixth causes of action was denied and no appeal was taken therefrom and upon this appeal the plaintiffs do not argue the decision of Special Term as to the third and fourth causes of action.

The alleged causes of action are incident to the performance of an operation on March 24, 1953 during which a four-inch retractor was purportedly introduced into plaintiff's abdomen and allowed to remain after the operation was completed. The first cause of action alleges that all three defendant physicians took part in the operative procedure and were individually and in concert negligent in performing the operation and further alleges that the three physicians were negligent in failing to detect and find the retractor over the period of their treatment subsequent to the operation. The second cause of action is a derivative action by plaintiff's husband.

The plaintiff patient did not discover the presence of the retractor until on or about March 1, 1958.

A motion was made pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice to dismiss on the grounds that the causes of action did not accrue within the time limited by law for the commencement of action thereon, which in actions of this kind is two years " after the cause of action has accrued ". (Civ. Prac. Act, § 50.)

The affidavit of Dr. Berlinghof to the effect " That at no time did he take part in any part of surgical procedures performed on the plaintiff ", and accompanying affidavits, are not sufficient to overcome the allegations in the complaint and the supporting affidavits, as to his alleged part in the performance of the operation, so as to find as a matter of law that the Statute of Limitations was a bar to that aspect of the action. Thus, there is left open a question of fact which can only be determined upon a trial of the issue. If the proof shows that the doctor did not participate in the care and/or treatment of the plaintiff while in the operating room, then, of course, the statute is applicable, and upon the substantive question, which is not before us on the rule 107 motion, there would, in the absence of participation in the operation or knowledge of the surgical error, be no liability against Berlinghof in any

event. If the proof is otherwise, then the care and/or treatment at the time of the operation merges with the post-operative care and treatment and is continuous and therefore not barred by the statute.

At the trial the rights of the defendant, Dr. Berlinghof, can be safeguarded by requiring the jury to return special verdicts.

The order of Special Term should be modified by reversing that part thereof which dismissed the complaint as to Dr. Berlinghof in the first and second causes of action and as modified, affirmed, with $10 costs.

Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.

Order of Special Term modified by reversing that part thereof which dismissed the complaint as to Dr. Berlinghof in the first and second causes of action and as modified, affirmed, with $10 costs.